The opinion of the Court was afterwards delivered by
Parsons, C. J.
The question to be decided in this case is, in whom the property of the boxes of candles was, at the time the writ of replevin was executed. The case shows that they were once the undisputed property of the plaintiffs; and, unless they have divested themselves of the title to them, they must recover in this action. They at first refused to sell them to Todd and Worthley, without some further security than their single assumpsit. They had probably forgotten, at the moment of actual delivery, the condition for which they had stipulated; and a question arises, on the facts in the case, whether this was an absolute delivery, not revocable, or, if revocable, yet not revoked. We think they were bound to recollect *357 the condition they had themselves made, and not to have delivered the candles until it had been complied with.
But we do not decide the cause on that point. Howard, being the agent of the vendees, had authority to receive the goods, and to consent to any conditions attached to the delivery of them. He received them on board his vessel, under the declaration of one of the vendors, that they should not consider them as sold until they should receive further security. His so receiving them was an assent to that declaration, and his principals were bound by it. The property then continued in the vendors. Had the demands of these creditors originated while the goods were in the possession of Todd and Worthley, so that it might be fairly presumed that a false credit was given them, or had Todd and Worthley sold them boná fide, and for a valuable consideration, our opinion would have been otherwise. But, upon the facts in the case, there must be

Judgment according to the verdict, 

(a)

 [Carleton & Al. vs. Sumner, 4 Pick. 516. — Smith vs. Dennie, 6 Pick, 262. — Whuwell vs. Vincent, 4 Pick. 449. — Ed.]