Wilde J.
delivered the opinion of the Court. This case depends on a single point. The question is, whether the sa’e under which the defendant claims was absolute or conditional. And we are clearly of opinion that it was conditional; and as the condition has never been performed, the property never passed from the plaintiff.
In the construction of contracts the intention of the contracting parties is principally to be regarded, and such an interpretation of the contract is to be given, as will best car ry this intention into effect, provided it is not inconsisten with the rules of law. Now it is impossible to raise a doubt as to the intention of the parties in this case, for it is expressly stipulated, that “ the wool, before manufactured, after being manufactured, or in any stage of manufacturing, shall be the property of the plaintiff, until the price be paid.” It is difficult to imagine any good reason why this agreement should not bind the parties, and those who claim under them. The defendant’s counsel contended that we are bound by some inflexible technicality of the law of sales, according to which the property in the goods was transferred to King, under whom the defendant claims, although the parties did not intend it; the rule being, that when the bargain is struck the property of the goods passes to the vendee; and that although the vendor may have a lien on the goods until the price be paid, yet that this lien can only be supported on the basis of possession, and that a delivery of the goods must necessarily operate as a relinquishment of the lien.[1] These principles no doubt are correct, but they apply only to absolute sales.
The case from Taunton, Holroyd v. Gwynne, was a case of a conditional sale ; but the condition was void, as against the policy of the statute of 21 Jac. 1, c. 18, § 11. It would not have changed the decision in that case if there had been no sale ; for by that statute, if the true owner of goods and *548 chattels suffers another to exercise such a control and management over them, as to give him the appearance of being the real owner, and he becomes a bankrupt, the goods and chattels shall be treated as his property, and shall be assigned by the commissioners for the benefit of his creditors. The case of Horn v. Baker, 9 East, 215, also turned on the same point, and nothing in either of these cases has any bearing on the present question. There is no pretence for saying, that the condition in this case was fraudulent against creditors. Certainly no fraud was intended. No concealment nor deception was practised. The creditors of King had no reason to believe him the owner of the wool, unless they were in formed of the sale ; for the possession of it for the purpose of manufacturing it was no evidence of property. If they were informed of the sale they must be presumed to know also the terms of it, and the condition upon which alone it was to take effect. The condition then was a valid part of the contract, and it was clearly a condition precedent. When such a condition is attached to a contract of sale, the property will not vest in the vendee until he performs the condition. The cases of Hussey v. Thornton, 4 Mass. R. 405, Marston v. Baldwin, 17 Mass. R. 606, and Barrow v. Coles, 3 Campb. 92, fully maintain this position; and there is no case to the contrary. There is an old case cited by Long, in his treatise on the Law of Sales (p. 109), in which the same doctrine is laid down. It was in that case held, that where H agreed with A, that A should take the sheep of H and depasture them for a certain time, and that if at the end of the time he should pay H so much for the sheep, he should have them, the agreement did not amount to a sale ; and that a sale of the sheep by H to another person, before the day agreed on, was good. Such an agreement was considered as a contract to sell, rather than a contract of sale.
Upon the whole, it seems very clear that the plaintiff has never been divested of his property, and that he is entitled to judgment.[1]

Judgment according to the verdict.

 See Parks v. Hall, ante, 206 ; Young v. Austin, 6 Pick. 280

 See Whitwel v. Vincent, 4 Pick. 449 ; Ward v. Shaw, 7 Wendell, 404 Bishop v. Shillito, 2 Barn. & Ald. 329, in note; 2 Kent’s Comm. (2d ed ) 497