## GILBERT *vs.* HUDSON.

Where goods were purchased by means of fraudulent representations made by the buyer, the party defrauded cannot avoid the sale, and claim the goods, against an attaching creditor of the fraudulent purchaser, whose debt accrued subsequent to the sale.

But if such creditor attach for a subsequent, and also for a prior debt, joined in the same writ, his lien on the goods, as against the party defrauded, extends only to so much of them as will satisfy the subsequent debt, and the costs.

This was an action of replevin for certain goods, which the plaintiff had delivered to one *Reed*, on a credit which had not expired when this action was brought. It appeared that *Reed* obtained the goods by false representations made by him when the goods were delivered. On discovery of the fraud, the plaintiff replevied the goods, insisting on his right to vacate the contract of sale, and reclaim them as his own. The issue was upon the property of the plaintiff.

The defendant, in the exercise of his office of deputy sheriff, has attached the goods as the property of *Reed*, at the suit of one *Clark*, in which judgment has since been rendered for $68 29 debt, and $13 96 costs ; and execution issued. And it appeared that $13 53 of *Clark's* debt accrued after the purchase of the goods in question, and upon the credit of those and of other goods which *Reed* had obtained on credit at the same time. [See *Seaver v. Dingley, ante. p* 306.]

Upon these facts *Weston J.* directed the jury to find for the defendant, reserving the legal rights of the parties for the consideration of the court.

*Allen* and *Sprague*, for the plaintiff, contended that here was no sale from *Gilbert* to *Reed*, the goods having been taken by fraud ; and the right of the plaintiff existed in all its force, to retake them at his pleasure. Nothing passed to *Reed*, and therefore no title can be derived, through him, to his creditor *Clark.* *Reed*, in the best light he can be considered, was no more than a bailee of the plaintiff's goods. Yet the goods of the principal

cannot be taken for the debt of the factor ; and even if the latter should pledge them for money lent at the time, the owner may retake them, and defeat the pledge. *Kinder & al. v. Shaw* 2 *Mass.* 398.

It will hardly be contended that had the plaintiff replevied the goods before *Clark's* attachment, the latter could have maintained an action against the plaintiff for the value of the debt due to him from *Reed* ; yet such an action ought to be maintained, if the plaintiff's property is liable, at all events, to pay that debt ; or, in other words, if the plaintiff is to be made the sufferer, under an application of the rule that where one of two innocent persons must suffer from the fraud of a third, the loss shall fall on him who enabled the wrong doer to commit the fraud. The plaintiff in this case, is the party defrauded. Had he merely bailed the goods to *Reed*, it has been shewn that *Clark* could not have attached them ; though he may have trusted *Reed* on the credit of the goods, supposing they were his own. Can his case be any better because *Reed* obtained them by fraud ; having no title at all, instead of a qualified property with power to sell?

But the case does not shew that *Clark's* debt did accrue on the faith of the plaintiff's goods ; but on them and others. For aught which appears, the " other" goods may have furnished the principal means by which *Reed* obtained credit. If, therefore, the other facts in the case would justify the application of a rule which would fix the loss on the plaintiff, this fact, of itself, forbids it. And the jury should have been instructed to inquire whether the plaintiff's goods formed the principal and prevailing ground on which the credit was given. As the case now stands, the same credit might have been obtained on the " other" goods in the hands of *Reed*; and yet, upon the defendant's principle, the plaintiff is to be made to bear the whole loss. This is not a case in which any right is acquired to the creditor by his attachment of the goods. *Buffington v. Gerrish* 15 *Mass.* 156. He stands only on the ground of a purchaser ; and can derive no rights except such as were possessed by his vendor, unless he can shew the plaintiff to be a participator in the fraud by unreasonable laches, or connivance ; neither of which had here any existence.

*Boutelle,* for the defendant, argued—1st, that the sale of the goods by the plaintiff to *Reed* was absolute and perfect ; and that the right of the plaintiff to vacate the sale because of the fraud, existed no longer than while *Reed* had the goods in his own actual possession. Any intermediate sale to a *bona fide* purchaser would have been valid, even against the plaintiff. *Hussey & al. v Thornton* 4 *Mass.* 405. *Buffington v. Gerrish* 15 *Mass.* 156. *Worcester v. Eaton* 11 *Mass.* 368. 13 *Mass.* 371. *Gore v. Brazier,* 3 *Mass.* 541. *Parker v. Patrick* 5 *D. & E.* 175. *Somes v. Loud* 2 *Pick.* 184.

2. An attaching creditor is to be considered in the light of a purchaser for valuable consideration. *Marshall v. Fisk* 6 *Mass.* 24. *Lanfear v. Sumner* 17 *Mass.* 110. The only exception to this rule is where the debt of the attaching creditor accrued long before the fraudulent purchase of the goods attached; as in the case of *Buffington v. Gerrish* ; and where, therefore, those goods could have formed no part of the inducement to give the credit in question. But in the case at bar the fact is otherwise, the credit having been given on account of the goods now replevied. The justice of the case then requires the application of the rule, that the loss ought to be borne by him who enabled the wrong doer to commit the fraud, by entrusting him, in the first instance, with goods. 6 *Mass.* 428. 9 *Mass.* 59. 2 *Pick.* 262.

The case of *Kinder & al. v. Shaw,* cited on the other side, proceeds on the ground that to allow a factor to pledge the goods of his principal would be to make a new contract for the parties, who had already made a special contract of bailment for themselves. But that case has been justly questioned by *Ld. Ellenborough* in *Pickering v. Busk* 15 *East.* 44, and in *Martini v. Coles,* 1 *Maule & Selw.* 146.

The opinion of the court was read at the ensuing *November* term in *Cumberland,* as drawn up by

MELLEN C. J. The case finds that the goods in question were obtained by *Reed* under such circumstances as to render the sale of them to him voidable at the election of the plaintiff, and on proof of the fraud seasonably made. Before any attempt to re-

Gilbert *v.* Hudson.

claim the goods, the defendant attached them as the property of *Reed* at the suit of *Clark*, for satisfaction of a debt, the principal part of which accrued upon the credit of the goods in question and some others, at a time when *Clark* had a right to presume they were the undisputed property of *Reed* ; they being then in his open and undisturbed possession. Though on the facts proved, it is clear that the plaintiff could have reclaimed and recovered the goods prior to the attachment ; yet the defendant contends he cannot now avoid the sale and reclaim them from his custody, in the circumstances stated. Whether the sale can be avoided, and the rights of the defendant, and of *Clark* the creditor, be thereby defeated, is the question before us. In the case of *Hussey & al. vs. Thornton & al.* 4 *Mass.* 405, it appeared that the articles replevied had been sold to *Todd & Worthly* on condition that they should not be delivered to them, until security should be given for the price ; but soon after, the agent of *Todd & Worthly* sent for the goods—received them and carried them to the wharf—no security having been given—the condition having been probably forgotten at the time of delivery to the truckman ; but before they were put on board the plaintiffs', vessel, one of the plaintiffs forbid their being put on board until security was given ; however, after conversing with the captain, he consented that they should be put on board, upon the original condition, that until the promised security should be given, the property should be considered as in the plaintiffs. On these facts the court decided to sustain the action, against the defendants, who, some days after the above transactions, had attached the goods as the property of *Todd & Worthly* ; but *Parsons C. J.* in giving the opinion of the court, observed, " had " the demands of the attaching creditors originated while the " goods were in the possession of *Todd & Worthly*, so that it " might be fairly presumed that a false credit was given them ; " or had *Todd & Worthly* sold them *bona fide*, and for a valuable " consideration, our opinion would have been otherwise." The principles on which the court decided the case of *Buffington & al. v. Gerrish*, seem applicable to this ; for though there the plaintiffs prevailed, because the debt, to secure which the

attachment was made, had been of long standing ; yet the court evidently proceeded on the ground that if the debt had been contracted after the fraudulent purchase of the goods, and upon the credit of them, such a creditor's rights would have demanded and received protection. as much as those of a fair purchaser without notice ; and it seems admitted that his rights would be respected. It is urged by the plaintiff's counsel that only a part of *Clark's* debt, viz. $46 58, accrued on the credit of the goods replevied ; and that the balance of the debt, viz. $21 71, was contracted before *Reea* obtained the goods in question ; and that as to such part. at least, the attachment cannot be considered protected and available, according to the case of *Buffington & al. v. Gerrish*, before mentioned. This proposition, considered in the abstract, and as an insulated one, is deemed correct ; but is not applicable, in the peculiar circumstances of this cause. The reason is this ; an attachment of property operates as a lien upon all and every part of it, to secure satisfaction of all and every part of the debt sued for; of course it is an answer to this action of replevin, and bars it. because the goods were legally attached as the property of *Reed*. to secure the sum of $46 58 above named ; and *Clark* has a right to have that sum, and costs, satisfied out of the goods ; and this right is not impaired by the circumstance that the attachment was made with a view of securing the sum of $21 71, also, which the law does not permit him to have satisfied out of this property. Such are the legal principles which must govern our decision. But the plaintiff is not without his remedy, should his property or any part of it be misapplied. At present we do not know the value of the goods replevied; they may not be more than sufficient, on sale, to satisfy the sum of $46 58, and costs ; and should they not prove to be, the plaintiff can have no cause to complain. Should they be found more than sufficient for the above purpose, still the defendant will have no right to sell any more ; those remaining will still belong to the plaintiff, and the defendant must return them to him, or stand answerable to him for them, or their value, in another action, but not in this. *Judgment on the verdict.*