## LUEY *vs.* BUNDY.

Where a party refuses to perform a contract, which is void by the statute of frauds, the other may recover back whatever property he has delivered in part execution of the contract.

Where the defendant has refused to perform an essential part of an entire contract, the plaintiff may treat the contract as rescinded, notwithstanding a partial performance by the defendant, if he can be placed in as good a situation as before.

A sale of property may be conditional; and if delivered on condition, the property does not pass, unless the condition be complied with.

That the plaintiff's damages are reduced by a deduction improperly made, is no cause for setting aside the verdict, if the plaintiff be content.

TROVER, for a promissory note of $50, and four other notes of $100 each, all made and executed by one Henry Hanson, on the 29th of October, 1834, and made payable to the plaintiff, with interest.

The defendant pleaded the general issue.

It appeared in evidence that the plaintiff had sold a farm to Hanson, and received the above notes and a mortgage back, in payment and security for the same. Hanson subsequently sold one half of said land to the defendant, Bundy, and the remaining half to one Gilkey; and said Bundy and Gilkey gave notes for the said land to Hanson. The notes given by Gilkey to Hanson were four fifty dollar notes, and were drawn payable to Luey, with an expectation originally

that they might be passed to Luey, to pay Hanson's debt to him. The notes given by Bundy to Hanson were four notes of $50 each, and one of $25; but these notes were severally drawn payable to Hanson. One of the $50 notes against Gilkey, and the note for $25 against Bundy had been negotiated by Hanson to Mr. Williams, or had been left with him.

The defendant, fearing that Hanson might negotiate his notes and Gilkey's, and not take up the mortgage to the plaintiff, proposed to the plaintiff to receive of him his notes against Hanson; and engaged to return, instead of them, Gilkey's four notes, of $50 each, to Hanson, and give his own note, secured by mortgage of real estate for $200 more, and the remainder he would pay in cash. The plaintiff delivered his notes, as described in the declaration, amounting, with the interest due on them, to $482, to the defendant, on condition of the proposed exchange.

The defendant delivered the plaintiff's notes to Hanson, and they were cancelled; and the defendant received in exchange the notes against Gilkey and against himself, with the exception of the two notes in the hands of Mr. Williams, which Hanson engaged to procure and deliver in a short time. The defendant on the same day delivered the same notes received by him to the plaintiff, and paid him thirty dollars. At the same time he told the plaintiff he might take the notes as he received them from Hanson, and that they would be some security until his own note for $200 and mortgage could be given. But the defendant subsequently refused to give his own note for the $200, or a mortgage, saying that he had already complied with his contract, and that he was only to give in exchange the papers taken up by him. The plaintiff then made a demand of the notes delivered by him to the defendant, which the defendant refused to return, saying they were destroyed. At the time of making said demand the plaintiff offered to give up the notes and money he had received from the defendant, but the defendant declined taking either the notes or money.

There was conflicting testimony with regard to the contract, as to an exchange of papers, but the jury found for the plaintiff, sustaining, by such finding, the facts as above stated.

On the question of damages, the plaintiff admitted that the Gilkey notes, so far as received, and the money paid, were in part performance of the contract; and damage was claimed for the amount of the notes delivered over and above said Gilkey notes and the money paid; and the jury were instructed that in finding their damages they might deduct this amount as received; and the jury rendered a verdict making said deduction. And the defendant moves to set the verdict aside.

*Cooper*, for the defendant, argued that the facts disclosed a mere bargain and sale, and a delivery of five promissory notes, to be paid for in a specified manner. The defendant has indeed failed to fulfil his part of the contract; but this gives the plaintiff no title to the notes. His remedy is upon the contract, and cited 1 *Chitty* 142; 7 *Taunt.* 59, *Noble* vs. *Adams;* 3 *Taunt.* 117, *Dufresne* vs. *Hutchinson;* 4 *Mass. R.* 502, *Kimball* vs. *Cunningham.*

II. The plaintiff should have returned the notes and money to the defendant; and if he would not receive them, have brought them into court. The adjudication of this court will not vest the property of these notes and money in the defendant. 6 *Johns.* 168, *Curtis* vs. *Grant;* 8 *Cowen* 43, *Osterhont* vs. *Roberts;* 2 *Aiken* 203, *Sanderson* vs. *Caldwell;* 2 *Bailey S. C. R.* 466; 2 *Kent's Com.* 387, 8. The plaintiff affirmed the contract by receiving the money and the Gilkey notes. 4 *Mass. R.* 512. The plaintiff should, if he recovers at all, recover the full value of the property. He could not lay his hands upon the defendant's property, and apply it in part liquidation of his damages.

*Fletcher & Young*, for the plaintiff, cited 11 *Mass. R.*

342, *Boyd* vs. *Stone ;* 5 *ditto* 133, *Sherburne* vs. *Fuller ;* 2 *Johns.* 221, *Jackson* vs. *Paine ;* 1 *Pick.* 328, *Kidder* vs. *Hunt ;* 2 *Stark. Ev.* 349 ; *Pr. in Chan.* 560 ; 2 *Taunt.* 218, *Roberts* vs. *Wyatt ;* 2 *B. & A.* 329, *Bishop* vs. *Shiletto ;* 2 *B. & P.* 451, *Parry* vs. *Frame ; Roscoe's Ev.* 396 ; 2 *Stark. Ev.* 833, 845.

*Lucy*
*vs.*
*Bundy.*

WILCOX, J. It must be considered as established by the verdict in this case, that the notes, for the conversion of which this suit is brought, were delivered to the defendant on the condition that he should procure and deliver to the plaintiff, in exchange therefor, certain notes executed by one Gilkey, and should also execute to the plaintiff his own note for $200, and secure the same by mortgage of real estate. A portion of the Gilkey notes and a sum of money were received by the plaintiff. But when the defendant was called upon to complete the contract, he refused altogether to give his own note for two hundred dollars, and to secure the same by mortgage.

The whole matter resting in parol, it is clear the promise of the defendant to execute a mortgage of real estate is within the statute of frauds, and void, and no action can be maintained thereon. The defendant thus having it in his power to avoid his contract, so that the plaintiff can have no remedy upon it, it seems just that he should be entitled to recover back whatever he has paid or delivered in part execution of the contract, and that the defendant should not be permitted to protect himself by setting up a contract, which he has rescinded. The right of the party to recover in such case is too well established to be drawn in question at this day. *Lane* vs. *Shackford,* 5 *N. H. R.* 133 ; *Gillet* vs. *Maynard,* 5 *Johns.* 85 ; *Clough* vs. *Hosford,* 6 *N. H. R.* 231.

A sale of property may be upon condition that the vendee shall give security, or do some other act ; and a delivery of the property, if also conditional, does not vest the property

in the vendee—but upon non-performance of the condition the vendor may reclaim it. Such condition may be waived by the parties ; but a delivery, without any thing being said as to the condition, is not necessarily absolute. It is evidence of a waiver ; and, in connexion with other circumstances, may be sufficient to authorize a jury to find a waiver of the condition. But if, under all the circumstances, it is apparent that the parties did not intend to dispense with the condition, the property does not pass. *Hussey* vs. *Thornton,* 4 *Mass. R.* 405 ; *Whitwell & al.* vs. *Vincent,* 4 *Pick.* 449 ; *Smith* vs. *Dennie,* 6 *Pick.* 262 ; 2 *Kent's Com.* 496, (2d ed.)

In the present case it is found, that the notes were delivered by the plaintiff on condition that the other notes should be returned in exchange. When a part of the Gilkey notes, and the defendant's notes to Hanson, were received by the plaintiff, it was expressly declared that they were to remain as security till the whole contract should be performed. There is nothing stated in the case from which an intention to dispense with this condition can be properly inferred.

And we are inclined to the opinion, that the plaintiff is entitled to recover, on the ground that the contract has been rescinded by the acts of the parties. Where money is paid on a contract, which is executory on the part of him who receives the money, and he altogether fails to fulfil his part of the contract, the injured party has an election, either to bring an action on the contract to recover damages for the non-performance, or to consider the contract as rescinded, and recover back the money paid, as had and received to his use. 1 *N. H. R.* 18 ; 3 *N. H. R.* 79 ; 1 *Pick.* 57 ; 2 *Burr.* 1010 ; 7 *T. R.* 181 ; 12 *Johns.* 363.

It is well established, however, that after a partial execution of an entire contract, it is too late to rescind it ; and all remedy for any subsequent neglect must be had on the contract, and on that only. *Hunt* vs. *Silk,* 5 *East* 449 ; *Stevens* vs. *Cushing,* 1 *N. H. R.* 17.

This exception would not seem applicable to a case, where, notwithstanding the partial performance, the defendant might be put in the same situation as before. Such a case would demand the application of the ordinary rule, that if the defendant has failed altogether to perform an essential part of an entire contract, the plaintiff may restore what he has received; and, for the sake of the remedy, treat the contract as rescinded. The defendant sustains no damage, nor does the plaintiff receive benefit, from the partial execution of the contract. Nor is the defendant injured by the rescinding of the contract. In that event he becomes liable to the injured party only for the value of the property which he has received of him; while in an action upon the contract he might not only be held for the value of the property, but mulcted in damages for the non-performance of his agreement.

Where the plaintiff, in purchasing an annuity, had several assurances, part of which were vacated, held he might recover back the money paid, as he contracted for the entirety. 6 *East* 241; 7 *T. R.* 181, *Giles* vs. *Edwards.*

In the case before us, the notes and money received were tendered to the defendant. If the plaintiff has derived any benefit from the use of the money, the value of that is fixed by law; and he might, under some circumstances, be bound to tender the interest.

It was unnecessary for the plaintiff to produce the notes and money in court. He had offered them to the defendant, who refused to receive them. The plaintiff had rescinded the contract—the notes and money became the property of the defendant, and he has his action to recover them, if wrongfully withheld from him.

That the amount of the money and Gilkey notes was deducted from the value of the plaintiff's notes, is no cause of complaint to the defendant. It is difficult to perceive how a set-off could be made in this suit of one claim against the other. But if such deduction was improperly made, without

Blake
*vs.*
Crowninshield. the assent of the defendant, it will constitute no bar to his right to recover their value in a separate action. The plaintiff is the only person liable to be injured by such a procedure ; and for this cause the verdict on his motion might be set aside. But if he is content, we see not why the defendant should be heard to object.

That the plaintiff's notes had been destroyed does not affect his right to rescind the contract. That act appears to have been wholly unauthorized by the plaintiff, nor is there any evidence that it was even known to him.

*Judgment on the verdict.*