### JEREMIAH HILL & others *vs.* WATSON FREEMAN.

A sale of teas being made, and a bill of parcels thereof given by the seller to the buyer, at the foot of which was written : " Brown's note six mos. his order or 4 per cent off; " and the teas being delivered before the terms of sale so stated were complied with ; and it being in evidence, that it was customary to deliver goods so sold to the buyer, before compliance with the terms of sale : It was held, that the sale of the teas was conditional ; that the delivery was not a waiver of the condition ; that the teas were notwithstanding in the constructive posses sion of the seller, who might retake them at any moment, before the terms of sale were complied with by the buyer ; that, while the teas were so in the hands of the buyer, they could not be attached by his creditors and held against the seller ; and, the condition not being performed, that the seller might maintain replevin without a previous demand.

THIS was an action of replevin for thirty half chests of tea, tried before *Wilde*, J., and by him reported for the consideration of the whole court.

The plaintiffs, to maintain the action, proved, that on the afternoon of the 15th of June, 1846, Davis, Brown & company, purchased the teas in question of the plaintiffs, as appeared by a bill of parcels, at the foot of which was written as follows: " Brown's note six-mos. his order or 4 per cent off; " that the plaintiffs delivered the teas between six and seven o'clock in the afternoon of the same day to a truckman of the purchasers; that, on the next day, June 16th, in the forenoon, the whole stock of goods belonging to Davis Brown & company, including the teas, was taken by the defendant, as a deputy sheriff, on an execution in favor of Joseph Brown, the father of one of the firm ; and that the teas were

22 *

taken from the defendant, by a writ of replevin, on the 17th of June, the day after the levy.

The plaintiffs contended : 1. That the sale of the teas was a conditional one, in which the property did not pass to the purchasers by the delivery ; and that, the condition not having been performed, and the performance having become impossible, the sellers had a right to retake the goods ; 2. That the purchase was fraudulent on the part of the purchasers, and, consequently, that no property in the teas passed to them, which could be levied upon ; 3. That Joseph Brown, who was the judgment creditor in the execution upon which the teas were seized, was the same person whose note was referred to at the foot of the bill of parcels, and was a party to such fraudulent purchase.

The defendant contended that the property in the teas passed to Davis, Brown & company, by the sale and delivery, at least, so far as *bona fide* purchasers and attaching creditors were concerned, and was therefore rightly seized on the execution.

The plaintiffs proceeded to introduce evidence tending to prove the case as stated by them ; and, among other things, they proved that it was customary for merchants to deliver goods, which had been sold for cash, or notes, before receiving payment, or the notes. They were about to introduce further evidence, when it was suggested by the counsel for the defendant, that the court should rule, whether the sale was a conditional one ; if so, whether the levy of the execution by the defendant was good ; and also whether a previous demand was necessary, in order to entitle the plaintiffs to maintain this action.

The court ruled, that, whether the sale was conditional or not, a demand was necessary ; and the plaintiffs thereupon called their porter, who testified that he delivered the teas, and that he was sent for them, on the morning of the day when the writ of replevin was served, to the store of Davis, Brown & company ; and that he inquired of the porter, and was shown where the teas were, and went up and got them

Hill & others *v.* Freeman.

If the court should be of opinion, that the sale was conditional ; that the levy of the execution was not valid as against creditors; and that no demand of any kind was necessary ; then a verdict is to be entered for the plaintiffs ; otherwise a new trial is to be ordered.

*C. G. Loring*, for the plaintiffs.

*A. B. Ely*, (with whom was *S. Bartlett*,) for the defendant.

METCALF, J. The questions whether the sale of the teas was conditional, and whether, if it was, the delivery of them was a waiver of the condition, were properly questions for the jury. But as they are referred to the court, we must decide them upon such means of judging as the parties have furnished. These means are the memorandum handed to the buyers by the sellers, the evidence as to the custom in such cases, and as to the other acts of the parties, as stated in the report of the judge. And we are of opinion, on this evidence, that the sale was conditional, and that the delivery was not a waiver of the conditions of the sale.

The remaining question is, whether this action can be maintained.

It was contended for the defendant, that the buyers' possession, as it was lawfully obtained, rendered the goods liable to seizure on execution by their creditors, and that such seizure gave the creditors a right paramount to that of the plaintiffs. But the contrary is the settled law of this commonwealth. *Hussey* v. *Thornton*, 4 Mass. 405 ; *Marston* v. *Baldwin*, 17 Mass. 606 ; *Smith* v. *Dennie*, 6 Pick. 262. Whether a *bona fide* purchaser, to whom the buyers might have sold the goods, while in their hands, could have held them against the plaintiffs, is a question not raised in this case. That is an open question, on which no opinion is intimated.

It was also contended for the defendant, that this action will not lie, because the plaintiffs made no demand, before suing out their writ. Whether it is meant that a demand should have been made on the buyers, or on the defendant

does not clearly appear on the report. But we are of opinion that a demand, either upon the one or the other, was not a prerequisite to the maintenance of the action. A party, in order to maintain replevin, trespass or trover, must have actual possession, or the right to immediate possession, at the time of bringing the action. If, therefore, the plaintiffs' right to possession, at that time, depended on their having demanded of the buyers a return of the teas, this action was prematurely commenced. We are of opinion, however, that the possession of the buyers, under the delivery which was made to them, was the constructive possession of the plaintiffs, and that they might have retaken the teas at any moment, unless the buyers, before the plaintiffs should have so done, had performed the conditions of the sale.

No demand on the defendant was necessary before serving the writ on him. The argument for him was, as we understood it, that the teas were lawfully in the buyers' possession, amongst their other goods, and that he had no means of knowing, and no reasons for suspecting, that they were not a part of their property; and that he is not liable to an action of replevin, until after he has had an opportunity to give up the property, on demand. But a wrongful intent need not be shown in order to sustain an action of trespass, replevin or trover. The defendant was directed, by his precept, to seize the property of Davis, Brown & company, and he seized the property of the plaintiffs. For this act he is clearly liable in an action of trespass, trover or replevin, at the plaintiffs' election. Dalt. Sheriff, 145, 146; 6 Scott, N. R. 727. And there is no special hardship in the case ; for by the common law an officer may legally take an indemnity of a creditor, who requires him to seize specific goods, against all damages that he may suffer by suits of others who may prove to be the true owners of the goods. This indemnity against unlawful acts is allowed to officers, in such cases, contrary to the general rule of law. *Arundel* v. *Gardiner*, Cro. Jac. 652 ; *Train* v. *Gold*, 5 Pick. 380.

The only case, we believe, in which, by the English law

an officer is not liable in trespass (and of course, in this state, in replevin without a demand) for seizing property that does not belong to the judgment debtor, is that of a seizure of goods after the owner has committed a secret act of bankruptcy, and before a commission has issued. See 15 Petersd. Ab. (Am. ed.) 81, note ; *Stanley* v. *Gaylord,* 1 Cush. 547.

*Judgment for the plaintiffs.*