### ALLEN *v.* WEBB & *a.*

Where one party to a contract refuses to perform his part of the same, the other party may insist upon the contract being carried out, or he may avail himself of the refusal and rescind the contract. But he cannot pursue both courses; it is not competent for him to enforce a performance on refusal made, and then endeavor to use the refusal as a ground to rescind.

Where A. and B. entered into an agreement with C., by which they, in consideration that a certain suit should be discharged, and certain judgments should be assigned to them, gave their promissory notes to C., and C. afterwards refused to assign the judgments and offered to return the notes, but they declined to receive them, and subsequently caused the suit to be discharged in court—*held*, upon an action brought on one of the notes, that A. and B., having refused to rescind the contract, and having caused the suit which entered into the consideration of the note to be discharged, could not now set up the refusal to assign the judgments in defence of the notes; that their remedy was upon the contract.

ASSUMPSIT, on a promissory note dated October 8th, 1847, payable to one John Hopkinson, or order, for $150, on the first day of June following, with interest annually, and endorsed by Hopkinson to the plaintiff.

It appeared on trial that the plaintiff, Charles B. Allen, was a nominal party only; that the note was the property of one Dorcas Hopkinson, the mother of the said John, and was given under the following circumstances:

A suit was pending in the State of Vermont, in favor of the said Dorcas Hopkinson against the town of Guildhall, founded upon judgments recovered against one Steele and one Denison in favor of said Dorcas. The judgment against Denison was for default as constable, in not properly doing his duty in the case against Steele. And that judgment being unsatisfied, the suit against Guildhall was instituted, the town, by the laws of Vermont, being liable for the default of their constables on their failure to respond any damages recovered against them. The present defendants, Webb and Dewey, were the sureties for Denison to the town for the full and faithful discharge of his duties, and were consequently interested in the result of the suit against the town. On the eighth of October, 1847, the day of the date of the note in suit, the parties met for the

purpose of settling the suit against the town.  Dorcas Hopkinson was not present, but her son John was, and her attorney acted for her.  It was then agreed that the suit should be discharged, and, in consideration thereof, Webb and Dewey gave their two notes, the one in suit, for $150, and another for $100. A discharge of the suit was written and signed by the respective attorneys.

The defendants then proposed to show that at the time of the settlement it was further agreed, as a part consideration of the notes, that Dorcas should assign to the defendants the judgments against Steele and Denison ; that a transfer of the same was then written and presented to her the same day, but she absolutely refused to sign the same, and has never signed it, but on the contrary has settled the judgment against Denison for seventy-four dollars.  The defendants admitted, however, that when it was ascertained that Dorcas would not assign the judgments, the notes were duly tendered to them, with an offer to throw up the whole settlement; but they refused to receive the notes and insisted upon the settlement being carried out, and at the next term of the court where the action was pending, a discharge was entered by them upon the docket and records of the court, according to the terms of the agreement which had been signed.

The court ruled that the proposed evidence of the defendants, taken in connection with their admissions, would form no bar to the plaintiff's right of recovery.  Thereupon a verdict was taken by consent for the plaintiff, on which judgment was to be entered, or the verdict set aside and a new trial granted, according to the opinion of this court upon the correctness of the ruling.

*Benton,* for the plaintiff.  In an action on a bill or note, the defendant cannot show a partial failure of consideration to reduce the damages, if the *quantum* to be deducted is an uncertain and unliquidated amount, and there has been no attempt to repudiate the contract or restore the consideration.  *Pulsifer* v. *Hotchkiss,* 12 Conn. Rep. 234.  Thus where A. had sold an interest in a

patent right to B., accompanied with a false representation, and the interest, though of some value, was of less value than it would have been if the representation had been true, but the difference was of an uncertain and unliquidated amount, and B. did not repudiate the contract nor offer to restore the interest sold, it was held in an action on a note given by B. to A. for such interest, that B. could not avail himself of such partial failure of consideration to reduce the damages below the sum expressed in the note. *Pulsifer* v. *Hotchkiss*, 12 Conn. Rep. 234. So a note given in consideration of a sale of pews to the defendant, followed by possession of the vendee, cannot be avoided on the ground that the vendor refuses to convey. The remedy is to compel a performance. *Freligh* v. *Platt*, 5 Cowen's Rep. 494. And in an action on a promissory note where the plea is *non assumpsit*, the defendant cannot give evidence of damages sustained by a breach of the contract upon which the note was given. *Cheongwo* v. *Jones*, 3 Wash. C. C. Rep. 359.

In order to make the defence good, it must appear that the failure is total. *Willson* v. *Jordan*, 3 Stew. & Port. Rep. 99.

*Fletcher* and *Heywood*, for the defendants.

EASTMAN, J. Although this suit was instituted in the name of the plaintiff, Allen, it appears that the real plaintiff is one Dorcas Hopkinson, and the case presented is this: Dorcas Hopkinson had a suit pending against the town of Guildhall, in Vermont, to recover for the default of a constable. The defendants were the sureties of the constable, and were interested to have the suit terminated. By an agreement between them and the attorney of Dorcas, they gave their notes, one of which is now in suit, to have the action against the town settled. It was also a part of that agreement that Dorcas should assign to the defendants the judgments out of which the suit against the town originated. She, however, refused to make the assignment, and the notes were thereupon tendered to the defendants, with an offer to throw up the whole settlement; but they refused

to receive them, and insisted upon the settlement being carried out according to the agreement. They also, at the next term of the court where the action against the town was pending, caused a discharge of the suit to be entered upon the records of the court.

Such being the facts when Dorcas Hopkinson refused to assign the judgments according to the agreement, it was in the power of the defendants either to rescind the contract or to insist upon the agreement being carried out. They could pursue either course, but not both. When one party to a contract refuses to perform his part of the same, the other party may avail himself of the refusal and rescind the contract; but it is not competent for him to enforce a performance on refusal made, and then endeavor to use the refusal as a ground to rescind. *Luey* v. *Bundy*, 9 N. H. Rep. 298.

The defendants did not see fit to rescind the contract on the refusal of Dorcas to assign the judgments, and upon the notes being tendered to them, but on the contrary, they proceeded to have the contract carried out, and caused the suit against the town to be discharged. They thereby gained an important point. The discharge of that suit may well be presumed to have been the principal consideration of the notes; and having taken that course, and obtained that advantage, it is now too late for them to rescind the contract. If they had not caused the suit against the town to be discharged, they could have rescinded the contract upon the refusal to assign the judgments, and this suit could not be maintained; but having insisted upon the performance of the contract, and done what they could without suit to carry it into effect, they must abide by their election. They cannot now set up the refusal to assign the judgments as a defence to the notes, but must rely upon the contract for whatever remedy they have.

This is not a case where a failure of consideration can be received to defeat the recovery of the note. But we need not go into an examination of that question. Upon the facts presented, the ruling of the court was correct, and there must be

*Judgment on the verdict.*