JOHN STEELYARDS v. ISAAC M. SINGER AND ANOTHER.

The defendants agreed to sell a sewing machine to Strauss for $150, $50 being paid in cash, and the balance to be paid in monthly instalments, it being agreed that the sewing machine should continue the property of the defendants until fully paid for, and that, if not paid for, the defendants might retake possession of it, and in such case the partial payments made thereon to be forfeited. *Held*,

I. That, as between the defendants and Strauss, the title to the machine did not vest in the latter until he had paid the price agreed upon.

II. But that the agreement did not affect a *bona fide* purchaser of the article, without notice of the conditions upon which its possession was acquired from the owner.

Sewing machines having become an ordinary household chattel, in respect to which the only *indicia* of ownership is in most cases the being in possession, where such possession has been acquired from the owner by his voluntary act, and without

fraud, a purchaser in good faith, and for a fair consideration, from a party deriving possession from the vendor, without notice of the conditions of the original delivery, acquires a valid title, and is to be protected even as against the original owner.

APPEAL by defendants from a judgment of the Second District Court. The facts are fully stated in the opinion of the court.

*Ambrose L. Jordan* and *William A. Hardenbrook*, for the appellant.

*Charles E. Birdsall*, for the respondents.

By the Court, HILTON, J.—The plaintiff sues to recover the value of a sewing machine made by the defendants, and which he alleges they wrongfully detained from him and converted to their own use.

It appears that the machine was, on March 14th, 1856, delivered by the defendants to one Isaac Strauss, under an executory contract of sale, the condition of which was that he was to pay for it $150. Fifty dollars was paid at the time of delivery, and the residue was to be paid in monthly instalments of $15 each. The writing signed by Strauss, containing these conditions, commences as follows: "Special agreement *for lien* on patent sewing machine until payments for same shall be completed," and, in the body of it, "it is expressly agreed that the said sewing machine shall remain and continue to be the property of said I. M. Singer & Co. until the same shall be fully paid for according to the terms above mentioned; and if not so paid for, then that I. M. Singer & Co., or their agents, shall have the right to retake the possession of said machine, and partial payments thereon be forfeited."

The proof shows that the plaintiff purchased and acquired possession of the machine in October, 1856, from a Mr. Schultz living in Reade street in this city, his attention having been previously called to it by an advertisement in a German newspaper announcing it for sale. The price paid by him was $110 in cash,

and it does not appear that he had any knowledge of the agreement of Strauss, or knew anything of the claim of the defendants under it until December, 1857, when, the machine becoming out of order, he took it to the store of the defendants to be repaired, who, after obtaining possession of it for this purpose, refused to deliver it unless the plaintiff paid the amount due under the agreement with Strauss. It does not appear when or how Schultz got the machine, nor that the defendants made any efforts to recover it until the plaintiff left it with them to be repaired. The justice having given judgment for the plaintiff for the value of the machine, the defendants appeal, and, on the argument, insist that, as the title to it never passed from them, they had a right to take it wherever they could find it.

There can be no doubt that, as between the defendants and Strauss, under the express contract made at the time the machine was delivered, the title did not vest in him until he had paid the price agreed upon, (*Herring* v. *Hoppock*, 15 N. Y. Rep. 409); but this would in no manner affect a *bona fide* purchaser of the article without notice of the condition upon which its possession was originally acquired from the owner, especially when such possession was, as in this case, obtained under an agreement to purchase, entered into without fraud, and upon which a part of the purchase price had been paid. *Mowry* v. *Walsh*, 8 Cowen, 238; *Saltus* v. *Everitt*, 20 Wend. 267; *Keeler* v. *Field*, 1 Paige, 312; *Haggerty* v. *Palmer*, 6 John. Ch. Rep. 437.

The machine in question, and others of a similar nature, have now become an ordinary household chattel, in respect to which the only *indicia* of ownership is, in most cases, the being in possession; and when that possession has been acquired from the owner voluntarily, and in the manner shown in this case, a purchaser in good faith from a party deriving possession from the vender, for a fair consideration, without notice of the condition of the original delivery, acquires a valid title, and is to be protected even as against the owner. 2 Black. Com. 449; 2 Kent's Com. 497; *Hussey* v. *Thornton*, 4 Mass. 405; *Smith* v. *Lynes*, 1 Selden, 41, 48; *Herring* v. *Hoppock*, *supra*.

The plaintiff, appearing to be such a purchaser, has got a valid title to the machine, and the judgment of the justice for its value should be affirmed.

Judgment affirmed.