Stone, J.
The question which we regard as the controlling one in this case, was presented by the demurrer to the answer, and arises, also, upon the exception taken to that part of the charge of the court now complained of. That question is, whether in the state of facts alleged in the answer and supposed in the charge, Weldy had any interest in the property in controversy which was subject to levy and sale on execution against him. This question must be answered in the negative. The contract set out in the answer, and referred to in the charge, was, at most, a conditional sale or executory contract of sale. By its express terms the chattel in controversy was to remain the property of the vendors until the purchase money was paid. That was the condition upon which the property was to pass. It was clearly a condition precedent, and until performed or waived, the contract remained executory, and no title vested in the purchaser. ’ Hussey v. Thornton, 4 Mass. 405; Marston v. Baldwin, 17 Mass. 606; Barrow v. Coles, 3 Camp. 92; Barrett v. Prichard, 2 Pick. 512; Herring v. Happock, 15 N. Y. 409; Strong v. Taylor, 2 Hill, 326.
Such, unquestionably, was the effect of this condition as between the parties to the contract, and this is as far as, for the purposes of this case, it is necessary for us to go. For it is to be observed that before the levy in this case was made, Sumner & Co., the assignees of the original vendors, had resumed possession of the property; the possessory interest of Weldy, if such he at any time had, had terminated; and the levy was expressly made subject to the claim of Sumner & Co., thus being, in effect, limited to the interest of Weldy, whatever that was.
The jury were well warranted in finding that the contract remained in force, and that there had been no waiver of the condition. The fact upon this point, apparently much relied upon by counsel, that the piano was delivered to Weldy at the time the contract was made, was no evidence of such waiver,
A conditional contract of sale does not lose its executory character by a mere delivery of the property. Long on *9 Sales, 107; Reed v. Upton, 10 Pick. 522. The terms of the contract, in pursuance of which the delivery is made, qualify and give character to the act and to the subsequent possession. The fact that Sumner & Co., in instituting their suit against Weldy and Dubois, described their interest in the piano as a “ special ownership,” if any evidence of such waiver, was, certainly, not conclusive. They were at the same time, and in the same instrument, asserting their right to the possession — a right they had wholly lost if they had become bound to treat Weldy as a purchaser, and had by an absolute and unconditional delivery of the property, or otherwise, effectually waived the condition.
It was conceded that a substantial part of the purchase money was due and remained unpaid. Weldy had, therefore, under the contract, no title to the property, and had, .at the time of the levy, neither the possession nor the right of possession. His right to the property, if any he had, rested wholly in contract, and can be regarded only as a claim to the title to be perfected, if at all, by a specific performance in equity or by the consent of the party contracting to sell.
We are not satisfied that the Superior Court erred in sustaining the demurrer to the original reply, but ,we deem it unnecessary critically to examine the questions thus presented, it being evident that their determination can not influence the disposition of the case. No final judgment was rendered upon the ruling then made; and the amended reply, filed on leave of the court, repeated, in substance, the averments of the original, and raised, in addition to others, precisely the same issues. Upon the issues thus presented the parties proceeded to trial. Any testimony, which was .admissible under the original, was equally admissible under the amended reply, and so far as concerned the averments common to both and the questions thereon arising, if no error was committed upon the trial, the judgment is right, although the ruling upon the demurrer may have been wrong. The motion must be overruled.