## WARD *vs.* SHAW.

A delivery of property to the *vendee*, to be put in a marketable condition, and to be paid for thereafter *by weight* to be subsequently ascertained, is a *conditional delivery*, and does not pass the *right of property* to the *vendee;* so HELD, where the owner of a pair of fat cattle contracted with a butcher to sell them to him at a given price per quarter, the butcher to take the cattle, prepare them for slaughtering, slaughter them, take the quarters to market, *weigh them, and pay* for the cattle the amount the quarters would come to at $7,50 per 100 wt., and where the cattle were taken from the possession of the butcher by a creditor of his under an execution for an *antecedent* debt.

Whether the rights of the *vendor* in such a case would be the same, where a new credit was given to the vendee in consequence of the possession of the property by him? *Quere.*

In the sale of personal property, where any thing remains to be done before the sale can be considered as complete, whether to be done by the vendee or the vendor, as between the parties themselves the right of property does not pass, although the property itself is placed in the possession of the vendee.

ERROR from the superior court of the city and county of New-York. Ward sued Shaw in an action of *trover* for two oxen, being fat cattle, taken by him as sheriff out of the possession of one Crawbuck, by virtue of an execution in favor of one Platt. The oxen came into the possession of Crawbuck

under these circumstances : he was a butcher, and agreed to purchase them of Ward at $7,50 for each 100 wt. which the quarters should weigh when slaughtered, he to take the cattle into his possession, prepare them for slaughtering, slaughter them in the week in which the contract was made, and when slaughtered take the quarters to market, weigh them, and pay for the cattle the amount the weight of the quarters would come to at $7,50 for each 100 wt. which sum was to be received by Ward in full, as well of all other parts of the cattle as the quarters. Crawbuck took the cattle into his possession, and on the same day they were levied upon under Platt's execution, which was issued on a judgment obtained *previous* to the contract between Ward and Crawbuck, and taken away. On the trial of the cause, the presiding judge charged the jury that the contract between Ward and Crawbuck, and the delivery of the cattle to Crawbuck vested the title and ownership in Crawbuck, and that they were subject to the execution. The plaintiff excepted to the decision. The jury found for the defendant, and the superior court refused on motion to set aside the verdict, (Mr. Justice *Oakley* dissenting.) The plaintiff sued out a writ of error.

*S. P. Staples*, for plaintiff in error.

*J. O. Grim & J. R. Whiting*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The question is whether Crawbuck had an interest in the cattle which could be sold on execution. The sheriff and the plaintiff in the execution are possessed of the rights of Crawbuck, and no more. Had Crawbuck sold the cattle to a purchaser for valuable consideration, without notice of the terms on which he possessed them, other considerations might prevail ; but in this case no new credit has been given to Crawbuck in consequence of his having the cattle in his possession. Platt's debt accrued *antecedent* to the transaction in question, and of course was not contracted upon the credit of this property. If he fails, he is in no worse situation than he was before the sale of the oxen,

UTICA,
July, 1831.

Ward
v.
Shaw.

UTICA,
July, 1831.

Ward
v.
Shaw.

The question, then, is one between vendor and vendee, and as between them certain principles have been settled. 1. Where no credit is agreed to be given for the price of an article sold, the payment and delivery are concurrent acts. The vendor may refuse to deliver without payment ; but if he does deliver freely and absolutely, and without any fraud on the part of the vendee, the condition of payment simultaneously with the delivery is waived ; confidence is reposed, credit is given, and the property passes. This was so decided in *Chapman* v. *Lathrop*, 6 Cowen, 110, and is supported by the cases there cited, 4 Mass. 405, 5 T. R. 232, and also by *Harris* v. *Smith*, 3 Serg. & Rawle, 20, 24, and by Chancellor Kent, 2 Kent's Comm. 391. But where part only of the property has been delivered, without demanding compliance with the condition, the vendor may refuse to deliver the residue until performance of the condition. 1 Campb. 427. 2. If the vendor deliver the goods, accompanied with a declaration that he does not consider them sold until payment is made, according to a previous contract, the sale is conditional, and the property does not pass by the delivery as between the parties to the sale. 4 Mass. R. 405. 17 id. 606. Two things are essential to the transfer of the title to personal property upon a cash sale : payment by the vendee, and actual or constructive delivery by the vendor. The first may be waived by the vendor, and the cases above cited shew that an absolute delivery is such waiver, but that a delivery subject to the condition of payment is not. 3. It is also a settled principle, that where any thing remains to be done by the vendor before the article is to be delivered, the right of property has not passed. So in the case of *Hanson* v. *Meyer*, 6 East, 615, where a quantity of starch was contracted to be sold at a certain price per hundred, the vendor gave the vendee an order, addressed to the keeper of the warehouse where the starch lay, directing him to *weigh and deliver* all his starch, it was held that the property did not pass before the weighing, which was to precede the delivery and to ascertain the price. The language of Lord Ellenborough in that case is applicable here : " By the terms of the bargain, two things in the nature of conditions or preliminary acts, necessarily preceded the absolute vesting in them (the

purchasers) the property contracted for. The first of them is one which does so according to the generally received rule of law in contracts of sale, to wit, the payment of the price or consideration for the sale. The second, which is the act of weighing, does so in consequence of the particular terms of this contract, by which the price is made to depend upon the weight. The weight therefore must be ascertained, in order that the price may be known and paid." *Vide Outwater* v. *Dodge*, 7 Cowen, 36.

UTICA,
July. 1831.

Ward
v.
Shaw.

The sale being for cash, and by weight, the vendor is not bound to deliver until payment is made. Payment cannot be made until the price is ascertained by the act of weighing. Should, therefore, the vendee refuse to slaughter the oxen according to contract, and put them to work on a farm, the vendor may retake them. Should he refuse to pay, after weighing the quarters, the owner may take possession of his slaughtered cattle, for the property has not passed, under such a contract, until payment is made, or waived. The terms of the contract in this case forbid the idea of a waiver of payment when the cattle were delivered to be prepared for slaughter. The rule laid down in *Hanson* v. *Meyer* is, that the property does not pass when any thing remains to be done by the *vendor ;* when the thing to be done is necessary to ascertain the price, and the sale is for cash, it can make no difference whether that thing is to be done by the *vendor* or *vendee*. The property is not to pass till payment ; the price must precede the payment, and until the price is ascertained, payment cannot be made or waived, unless by express terms ; the acts of the vendor cannot before that time be construed into a waiver.

This case is unlike most of the English cases, where the property was in a warehouse of a third person. I put the case upon its own circumstances ; the delivery was for a special purpose, not an absolute delivery to the vendee as such, but rather as bailee. There was an act to be done to ascertain the price. In general, the act of weighing or measuring is to be done by the seller ; but parties have a right to stipulate that the purchaser shall do such act. It is sufficient that the vendor has an interest in the act to be done, and has a right to be present ; when the weight is ascertained, then, and

not before, can the vendor demand payment. If payment is then made, or waived, the property passes absolutely, otherwise not. If I am correct in this view of the case, Crawbuck had no interest in the cattle which could be sold on Platt's execution. I am of opinion, therefore, that the court below erred, and that the judgment must be reversed; a *venire de novo* to issue by that court, and the costs to abide the event.