By the Court,

Savage, Ch.. J.
By the contract, the defendant was to procure the materials and build the house, for the plaintiff. The materials were purchased by the defendant, were his own, and at his risk. The fact that such materials were intended for the plaintiff’s house did not change the property. Had the defendant acted as the plaintiff’s agent in purchasing the materials, then indeed the property would have been the plaintiff’s. The con-tract, however, does not*give countenance to any such idea, nor was such a construction contended for. The judge at the circuit held that the property was vested in the plaintiff by the act of the defendant in purchasing it, intending to work it into the plaintiff’s house. In this the judge certainly erred. When the defendant purchased the property, it became his own; he might sell it again, and purchase other materials to use in the plaintiff’s house, and if he procured such as the contract required, the plaintiff could not complain. Suppose he had purchased plank which were rotten and totally unfit for the use, but still intending them for the plaintiff’s house, the plaintiff would not be bound to receive them. Or suppose the plank were purchased in Troy or Albany, or at the mill where manufactured, and before they were removed a fire had destroyed them, would the plaintiff say the loss was his ? If the property was ever in the defendant, when was it changed 1 As personal property, clearly it did not pass until delivery, and there is no evidence in the case of a delivery by the defendant, or the receipt of it by the plaintiff. It was not intended by the contract that it should pass as personal property; it was to become'the property of the plaintiff when it was worked into his house and not before. The mere act of bringing the plank upon the plaintiff’s lot, for the purpose of working it into columns, did not change the property; nor did the act of working the plank into pieces to put up have that effect, for we see the same defendant, at the same time and place, working up other plank of the same lot into materials for columns for Earl’s house. If the act of working the plank in the plaintiff’s house made them his property, then he owned the whole ; but that is not pretended. If the working them with intent to put them up in the plaintiff’s house made them his, then the intent changed the proper *140 ty, without any act by either of the contracting parties. That would be a very unsafe rule of property. The property of one man does not become the property of another, unless by some act indicating a delivery by one and an acceptance by the other. Had the property in question been burned when in Burrow’s store, and had the defendant been perfectly solvent, I presume the plaintiff would not have considered the loss his own ; surely the *Iaw would not so have adjudged it. Where any thing remains to be done by the vendor before the article is to be delivered, the right of property does not pass. 7 Wendell, 406, and cases there cited. Here the columns were to be put together and erected before they became the plaintiff’s.
In the case oí Mucklow v. Mangles, 1 Taunt. 319, a boat builder contracted to build a barge for one Pocock, and received payment in advance. He finished the barge and painted Pocock’s name on the stern ; but before delivery, it was levied on by the sheriff, under an execution against the boat builder. It was held that the property had not passed to Pocock. Heath, J. says it comes within the cases which have been held to be executory. He adds, “ A tradesman often finishes goods which he is making in pursuance of an order given by one person, and sells them to another; yet the person giving the order could not bring trover.” The case of Merritt v. Johnson, 7 Johns. R. 473, was a stronger case than Mucklow v. Mangles. One Travis agreed to build a sloop for E. Merritt, and to furnish the timber for the same. Travis partly finished the sloop, furnishing the greater part of the materials ; but D. Merritt, the plaintiff to whom' the contract was assigned by E. Merritt, also furnished part of the materials and advanced money to Travis on the contract. When the vessel was about one third finished, it was levied on under an execution against Travis. The plaintiff brought an action of trover for the vessel, but the court said that his right of action rested on the contract with Travis, and that the sloop did not become his until finished and delivered. The court take notice of the fact that the sloop was built upon ground hired by Travis; but had the fact been different, I do not see how the result would have been varied under the contract in that case, by which Merritt was to pay as the work progressed, leaving one third to be paid when the whole of the work was finished. In this case there could not be a formal delivery of the house after it was finished; the house, standing on the plaintiff’s ground, became his as fast as the parts added to it became attached, so as to become part of the freehold, but with that difference, the case of the sloop is not distinguishable in principle. The sloop was personal property, and therefore the property was *not changed until delivery. The house in question was real property, but the materials of which it was composed were personal property, and did not pass to the plaintiff until delivery, or until they became affixed to the freehold ; at the time of the levy, they were the property of Hunt, the defendant. The plaintiff therefore had no title, and could not recover upon the evidence before the court.
Hew trial granted ; costs to abide the event.