## SHINDLER *vs.* HOUSTON.

Where, upon a sale of personal property, consisting of heavy articles, as lumber lying upon a dock, which had been previously measured, the vendor and vendee, being at the place where the property is, agree upon a sale by words *in presenti*, and there is nothing to be done to ascertain the quantity, quality or value of the articles, and then payment is postponed till another time, or till the happening of some other event, the property is deemed to be delivered and the sale is complete.

Plaintiff and defendant bargained respecting the sale, by the former to the latter, of a quantity of lumber, piled apart from other lumber, on a dock and in the view of the parties at the time of the bargain, and which had been before that time measured and inspected. The defendant offered a certain price per foot, which being satisfactory to the plaintiff, he said, " the lumber is yours." The defen-

Shindler *v.* Houston.

dant then told the plaintiff to get the inspector's bill of the lumber and take it to one House, who was the defendant's agent, and who he said would pay the amount. This was soon after done, but payment was refused. The price being over fifty dollars, and the statute of frauds being relied on, it was held in an action for the price of the lumber, upon a declaration for lumber sold and delivered, that the court below was right in refusing to charge that the furnishing of the inspector's bill was a condition precedent, or that the property did not pass at the time of the bargain; and that the facts were properly submitted to the jury with instructions that they might find an absolute delivery and acceptance of the lumber at the time of the bargain, and that the payment was postponed and credit given therefor until the inspector's bill should be presented to House.

Error to the court of common pleas, called the mayor's court of the city of Troy. The suit was commenced by Houston against Shindler in the justices' court of that city where the plaintiff recovered, and was brought into the mayor's court by appeal, and there a recovery was again had in favor of the plaintiff. The declaration was for lumber sold and delivered, with the money counts. The defendant plead the general issue, and also some special defences, upon which no questions arose.

On the trial in the mayor's court, it appeared that in the summer of 1841, the plaintiff was the owner of about 2070 feet of curled maple plank and scantling which he had brought to Troy in a boat, and which, having been measured, each quality separately, and inspected by an inspector, on the boat, was then piled together, and apart from any other lumber, on the dock. The plaintiff wishing to sell it, had some conversation with that view with one House, who, however, finally declined to purchase, but recommended the defendant as a purchaser, saying that he was a responsible man, and that he, House, would pay for any lumber which the defendant might purchase. The plaintiff and defendant shortly after met at the place where the lumber lay. After some negotiation respecting the price, the defendant finally offered for the plank three cents, and for the scantling one and an half cents per foot. The plaintiff replied, "the lumber is yours." The defendant then told the plaintiff to go to the office of the inspector, get his bill of the .umber and take it to House, who, he said, would pay him for it, the defendant himself being about to set off for New-York.

At the prices mentioned, the lumber came to $52,51. This transaction took place in the afternoon, and the next day or the day following the plaintiff having obtained the inspector's bill, called with it on House for payment. He, however, declined to pay, saying that his instructions from the defendant represented the bargain differently from that stated by the plaintiff, and though the plaintiff's statement of the terms of the sale was confirmed by a person who was present at the sale, House still refused to pay.

The defendant on the trial insisted, and requested the court to charge, that the sale was incomplete within the provisions of the statute of frauds, there remaining an act to be done before the property in the lumber could pass to the defendant; and that the delivery of the inspector's bill was a condition precedent to the vesting of the property in the lumber in the defendant, and that payment having been refused when the bill was presented to House, the plaintiff could not recover in an action for goods sold and delivered. The court refused to charge in that manner, but did instruct the jury, that if they were satisfied that it was the intention of the parties to consider the lumber delivered at the time of the bargain, and that nothing further was agreed or contemplated to be done in order to change the title in, or possession of the lumber, the plaintiff was entitled to recover; that the sale was not within the statute of frauds, and did not require any note or memorandum in writing, provided they should find from the evidence that there was a delivery and acceptance of the lumber at the time of the bargain between the plaintiff and defendant. The defendant's counsel duly excepted to the refusal to charge as requested, and to the charge actually given. The jury found for the plaintiff, and a bill of exceptions was duly signed.

*J. A. Millard,* for the plaintiff in error.

*P. T. Woodbury,* for the defendant in error.

*By the Court*, JEWETT, J. This action was brought to recover the price of the lumber in question, as for lumber sold and delivered. It is resisted principally on the ground that the contract is within the statute, (2 *R. S.* 136, § 3,) by which it is enacted, "Every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, shall be void unless, 1. A note or memorandum of such contract be made in writing and be subscribed by the parties to be charged thereby: or 2. Unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action: or 3. Unless the buyer shall, at the time, pay some part of the purchase money."

There was no money paid, or note or memorandum in writing of the contract made. The plaintiff insists that the purchaser accepted and received the lumber; while on the other side it is contended that the sale was upon condition that the vendor should produce to House the inspector's bill of the lumber, and before the contract could be deemed to be consummated by delivery and acceptance, the bill must be produced. It is a principle well established that in contracts for the sale of personal property, when no time is agreed on for payment of the price, the delivery and payment are to be simultaneous acts; but if the vendor does deliver freely and absolutely and without any fraud on the part of the vendee, the condition of payment simultaneous with the delivery is *waived*, confidence is reposed, credit is given and the property passes. (*Chapman and another* v. *Lathrop,* 6 *Cowen*, 110; *Conyer* v. *Ennis*, 2 *Mason*, 236; *Ward* v. *Shaw*, 7 *Wend.* 404.)

Two things are essential to the transfer of the title to personal property upon a cash sale, payment by the vendee and an actual or constructive delivery by the vendor. The first may be waived by the vendor, and an absolute delivery is such *waiver;* but a delivery subject to the condition of payment is not. On the question of delivery, it is a principle which is to be found in all the cases, that where in an agreement for sale of personal property, something remains to be done as between vendor and vendee, for the purpose of ascertaining either *quantity, value*

or *quality*, such as *measuring*, *weighing* or *counting* out of a *common parcel*, there is no delivery. (*Downer* v. *Thompson*, 2 *Hill*, 137; *Rapelye and others* v. *Mackie and others*, 6 *Cowen*, 250; *Ward* v. *Shaw*, 7 *Wend.* 404; *Andrews* v. *Dieterich*, 14 *id.* 31; *Hanson* v. *Meyer*, 6 *East*, 614; *Outwater* v. *Dodge & Green*, 7 *Cowen*, 85.)

Was there an absolute delivery of the lumber in this case, or such evidence of delivery as was proper to be submitted to the jury, from which they would be justified to find that there was such delivery? The delivery to satisfy the statute may be either *actual* or *constructive*, and may be inferred from circumstances. (*Chaplin* v. *Rogers*, 1 *East*, 192.) Delivery in a sale may be either real, by putting the thing sold into the possession or under the power of the purchaser, or it may be symbolical, where the thing does not admit of actual delivery; and such delivery is sufficient and equivalent in its legal effects to actual delivery. It must be such as the nature of the case admits. It has been held that the consent of the parties on the spot is sufficient possession of a column of granite, which by its weight and magnitude was not susceptible of any other delivery, and the possession was taken by the eyes and the declared intention. So where the vendor takes the vendee within sight of ponderous articles, such as logs lying within a *boom*, and shows them to him, it was held to amount to a delivery, though the vendee suffered them to lie within the *boom*, as was usual with such property, until he had occasion to use them. (2 *Kent's Comm.* 500, 501, *4th ed.*; *Jewett* v. *Warren*, 12 *Mass. Rep.* 300.)

I cannot doubt but that when the defendant had made his offer for the lot of lumber, and the plaintiff had agreed to accept it, and declared the lumber to be his, the contract of sale was complete, by which the lumber was transferred to the defendant upon condition that he *then* paid the price or procured a credit or further time in which to pay. Did he do either? He did not pay, but he proposed to Houston to make payment through his agent House, when he, Houston, should get and present to House the bill of inspection made by and in the hands of the inspector—to which, from the circumstances, it

might well be inferred that Houston assented; if he did, the sale was complete. The lumber, from what took place, might be deemed to have been delivered and accepted, and payment, simultaneous with delivery, *waived,* and credit given for payment. The presenting to House by Houston of the bill, was to *precede* the payment for, but not the delivery of the lumber; and until that was done, Houston was not entitled to payment. Nothing further was to be done by the parties in reference to the property sold: it was an entire lot distinct from all others, not to be measured or counted or moved. The aggregate of the price was to be computed from a bill of the measurement already made. Vendor and vendee parted, not to meet again. The whole question turned upon matters of fact for the jury to find from the evidence. Was it such as should satisfy a jury of the fact of an absolute *delivery* to and *acceptance* by the defendant of the lumber? I cannot see any error in submitting the question to the jury. Clearly the court was right in refusing to charge as a matter of law that the right of property did not pass, or that the delivery of the inspector's bill was, by the terms of the contract, a precedent condition to vesting of 'the property in Shindler.

The judgment must be affirmed.