BRINK v. THE CHICAGO & N. W. RAILWAY CO.

Contract: SALE AND DELIVERY OF PERSONAL PROPERTY: EVIDENCE. In an action for the price of personal property alleged to have been sold and delivered to the defendant, proof of an *agreement* to sell and deliver, without further evidence of an *actual* sale and delivery, will not entitle the plaintiff to recover.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 19.

THIS is an action upon an account or claim for 186⅝ cords of wood, which plaintiff alleges he sold and delivered to the defendant. The testimony is all before us, and consists of plaintiff's own evidence, two witnesses for him and one for defendant. The plaintiff's evidence shows that prior, up to, and including the month of January, 1865, the plaintiff had been engaged in getting out wood himself and buying wood of others and selling the same to defendant. That about the first of February of that year, the defendant's wood agent, Oliver Messer, who had, as such agent, been theretofore buying wood of plaintiff, told plaintiff to go on and put on more wood and he would measure it for him every month as he did for others; that plaintiff put on some of the wood in February, and the rest in March, and piled the same where he had piled that he had before sold to defendant; that in February, when the agent was measuring wood for that month, the plaintiff did not want to sell any more

wood to defendant, as he had not then got his pay for the wood sold in January, about twenty-four hundred dollars; that in March he had two hundred and fifty or three hundred cords of wood on the defendant's track or right of way premises, where he had before generally put his wood; that in the last of March he met Messer, asked him to measure up his wood, and Messer replied that he had been ordered not to buy any more wood at present. The plaintiff also testifies that in June he saw Messer's mark on a pile of his wood, and he put a memorandum on it, that it was not sold; and he further testified that he only wished it understood thereby that it was not measured, and he did not want the defendant's wood train to take it till it was measured; and that pile was charged in the account sued on; fifty-four cords of the wood sued for were burned by accidental fire, and thirty-three washed away by the freshet; that the wood train of defendant, in September, 1865, took off about thirteen cords of the wood of plaintiff put on the track after the first of February, and which was not measured. This is a full statement of plaintiff's evidence, and is mostly his own testimony.

The defendant's agent, Oliver Messer, testified that prior to February, 1865, he had bought wood of plaintiff and many others at the same time, for defendant; that in the last of February he bought wood of others as usual, and asked plaintiff to let him have the wood then on the track, and plaintiff refused, because he had not had his pay for that previously sold; that he never made any contract with plaintiff for the future delivery of wood; that he only bought wood of him as he did of others, when he measured it and agreed on the price; that he never bought the wood sued for or any of it; that if the wood train conductor took off any of plaintiff's wood, it was by mistake and without authority; that he did not

direct plaintiff in January, February or March, to put wood on the track; that in the last of March, plaintiff asked him to buy the wood, not " to measure it," and he refused, because he had been directed on March 20, not to buy more wood. This is all of the evidence.

The cause was tried to the court, who found the facts and rendered judgment for plaintiff, for the full amount sued for, and the defendant appeals.

*E. S. Bailey* for the appellant.

*Smyth & Young* for the appellee.

COLE, J. — The action is for wood *sold and delivered*. It is not for wood bargained and sold with allegations of

1. CONTRACT: sale of personal property: evidence.

failure to receive, and consequent damages. To recover then, the plaintiff must prove a *sale and delivery*. His own testimony establishes an *agreement* to sell; that of Messer negatives such an agreement. As the plaintiff was corroborated on this point, and as the court found for him on the question of fact as to the existence of such an agreement, there would be, so far, no ground for an appellate court to interfere.

But an agreement to sell is not, under the allegations of the petition, sufficient, even though there was a refusal to receive, and resulting damages. The plaintiff must, under the pleadings, prove a delivery of the wood. This, the evidence failed to show, at least with such certainty as to justify the finding of the court.

The evidence showed that the plaintiff put on the track 250 or 300 cords of wood; that there was this amount on the track in March, 1865, when plaintiff requested Messer to measure it; that Messer refused to measure it, and this suit is brought for only 168⅔ cords. Now it does not appear that the wood sued for, that is,

the 168⅝ cords, was ever separated from the mass. Nor does it appear what became of the balance. What became of the balance might be a very material inquiry in determining the rights of the parties. For example, if the defendant afterward took the balance and paid for it, this circumstance might tend, and would tend, unless explained by some other act, to show that the defendant regarded the wood as delivered to and belonging to it.

On the other hand, if the balance was, after the refusal of Messer to measure, taken away and controlled by the plaintiff, if he continued to exercise the rights of an owner over it, this would be a circumstance against the plaintiff's theory, which is, that under the contract, the property in the wood passed when it was delivered or placed on the track, or at least when the time for measurement had elapsed. Unless such was the intention of the parties, the title would not pass until the wood had been delivered and received by the company.

Parties might make a contract, that the wood should be the company's when placed, and as soon as placed, on the track. If the real contract and understanding of the parties was, that as soon as the wood was delivered on the track, the company might at any time, without waiting for the end of the month, or without further consulting the plaintiff, use the wood, this would be strong evidence, that they regarded the wood as theirs from the time it was put upon the track, and if it was theirs, they would be bound to suffer the loss arising from casualties by fire and water. *Gardner* v. *Lane,* 9 Allen, 491 ; *Riddle* v. *Varnum,* 20 Pick. 280.

If on the other hand, the contract (as explained by usage or mode of prior dealing between the parties, as to which there was no evidence) was, that the wood should be put upon the track, that the company had the right to inspect and receive or reject, as it saw proper, then, certainly no

title would pass until it had been received. *Cook* v. *Logan*, 7 Iowa, 142; 2 Kent's Com. 495; *McDonald* v. *Hewett*, 15 Johns. 349; *Joyce* v. *Adams*, 8 N. Y. 291; *Ward* v. *Shaw*, 7 Wend. 404; *Outwater* v. *Dodge*, 7 Cow. 85; *Edwards* v. *Grand Trunk Railway*, 48 Me. 379; Story on Sales, § 296; 1 Parsons on Contracts, 441; Chitty on Contracts, 396, and notes and authorities.

The rights of the parties depend essentially upon the exact contract. This may, as above stated, be explained or made clear by usage and the mode of dealing between the parties. Evidence in this respect is entirely wanting, as also in other material points; such as what became of the balance of the wood placed upon the track and not sued for. In other respects it is vague, and that, too, in points evidently susceptible of explanation. As proof of delivery was, under the pleadings, absolutely essential to the plaintiff's recovery, and as the evidence is not satisfactory to us on this point, and did not, as the case stood, justify the findings, we reverse the judgment and remand the cause for a new trial. In the course of this opinion we have indicated some of the material points involved, so that the cause may be retried with reference to them.

Reversed.