## SIMON UHLMAN AND FREDERICK UHLMAN, APPELLANTS, *v.* WILLARD R. DAY, RESPONDENT.

*Contract for the sale of goods—the acceptance of an offer must be an unconditional one— when the title does not pass until the goods have been actually weighed.*

One Primrose, an agent of the plaintiffs, telegraphed to the defendant that he would give twenty-four cents for the defendant's hops. In answer to a telegraph from defendant, saying "twenty-five or no sale," Primrose telegraphed, "will take them at twenty-five. Will send some money on afternoon train." On the same day he wrote a letter saying "I send you by registered letter, this mail, ten dollars in confirmation of my last dispatch. I will take the hops in Tuesday morning." He inclosed ten dollars and gave the letter to the post-master to be registered and immediately forwarded, but by the neglect of the postmaster this letter did not reach the defendant until the next day. The defendant having then refused to accept the money or to deliver the hops, after a tender of the amount of the purchase-price had been made, the plaintiffs brought this action to recover their possession.

*Held,* that the action could not be maintained for the reason that no valid contract of sale was established, because:

*First.* The offer of the defendant to sell at twenty-five cents was not unconditionally accepted by either the telegram or the letter sent by Primrose.

*Second.* That even if there was an unconditional acceptance of the offer, yet the contract was an executory one as the hops had not then been weighed and the actual price to be paid was for that reason unknown.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The defendant had twenty-nine bales of hops, at Burke upon the Ogdensburgh and Lake Champlain railroad. The plaintiffs were hop buyers and by their agent Primrose, had been negotiating with defendant for the purchase of the hops. Primrose had seen the hops and inspected them ; they had not been weighed. In this condition of facts, Primrose on May 19, 1882, telegraphed to the defendant from Malone, a station upon the same railroad seven miles from Burke, as follows :

"MALONE, *May* 19, 1882.

"To W. DAY:

"I will give you twenty-four cents for your hops, answer immediately.

"J. R. PRIMROSE."

In reply to which and on that day the defendant sent the following telegram to the said agent :

"BURKE, *May* 19, 1882.
" To J. R. PRIMROSE :
" Twenty-five or no sale.

"W. R. DAY."

And on the same day Primrose telegraphed the defendant as follows:

"MALONE, N. Y., *May* 19, 1882.
" To W. R. DAY, *Burke, N. Y.:*
"Will take them at twenty-five. Will send some money on afternoon train.

"J. R. PRIMROSE."

Each of which dispatches was duly received by the respective parties. And on the nineteenth the said agent wrote the following letter :

"MALONE, N. Y., *May* 19, 1882.
" W. R. DAY, Esq., *Burke, N. Y.:*
" DEAR SIR. — I send you by registered letter this mail ten dollars in confirmation of my last dispatch. I will take the hops in Tuesday morning. Will come there on morning train. Please acknowledge receipt and oblige.

"Yours, truly,
"JOHN R. PRIMROSE."

This letter, inclosing ten dollars, Mr. Primrose, on the day it was written and bears date, intrusted to the postmaster at Malone with directions to register the same and forward it by mail, and through the carelessness of the latter it failed to reach the defendant until the next day in the afternoon.

On the evening of the same day the defendant went to Malone to notify Primrose that he would not let him have the hops, but failed to see him. On the following day Primrose went to Burke, when defendant told him he could not have the hops, and said he declined to accept the ten dollars, and offered to return it to Primrose, who refused to take it. The defendant mailed it to him at Malone, but Primrose refused to take the letter, and the letter being returned to defendant the money was upon the trial delivered to the referee. On the twenty-third Primrose informed the defendant

that he was ready to weigh and take the hops and offered to pay for them, and then produced money enough for the purpose, and was able, ready and willing to perform upon the part of the plaintiffs. The defendant refused to let him have the hops, whereupon this action to recover their possession was brought by the plaintiffs.

*S. A. Beman*, for the appellants.

*J. P. Badger*, for the respondent.

LANDON, J.:

There was no contract of sale, and therefore the title to the hops never passed from the defendant to the plaintiffs.

*First.* The plaintiffs did not without qualification accept the proposition of the defendant. In response to the offer by plaintiffs of twenty-four cents, the defendant said " twenty-five or no sale." To this the plaintiffs telegraphed " will take them at twenty-five; will send some money on afternoon train." How about the rest of the money? When was that to be paid or sent? " Will take them at twenty-five," standing alone, would mean will take and pay for them immediately; but when there is appended " will send some money on the afternoon train," there is implied in addition to the indefinite delay of payment, an indefinite delay of taking the hops, and thus the defendant is asked to vary the terms which his proposition imported, and to this variance he did not assent. If the plaintiffs' letter is to be regarded as the acceptance, then the defendant was asked to wait until Tuesday following, and thus a delay was asked by the plaintiffs to which the defendant did not accede.

*Second.* If there was an acceptance by the plaintiffs of the offer by the defendant, then the contract was an executory one and the title did not pass. There were twenty-nine bales of hops, but they had not been weighed, and until this should be done the price would be unknown. Payment and delivery were, by the terms of the contract, to be simultaneous acts since it was not otherwise agreed. (*Tipton* v. *Feitner*, 20 N. Y., 423.) Until the weighing should be done the title under the agreement would not pass. (*Joyce* v. *Adams*, 8 N. Y., 291; *Terry* v. *Wheeler*, 25 id., 525; *Kein* v. *Tupper*, 52 id., 553; *Olyphant* v. *Baker*, 5 Den., 381.) Such being the case it could make no difference in the title whether the

weighing was to be done by the buyer or seller, since the act of weighing, not the person who should do it, was the condition precedent to the transfer of title. (*Ward* v. *Shaw*, 7 Wend., 404.) The title not having passed this possessory action cannot be maintained, however it might be as to an action for damages.

*Third.* The award by the referee of one dollar damages for the detention of the property by the plaintiffs, upon their seizure thereof under process, may, in the absence of evidence upon that subject, be treated as an award of nominal damages. As the defendant was probably obliged to procure the preparation and execution of papers to repossess himself of the property, he probably suffered more damages than he recovered.

The judgment should be affirmed, with costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment affirmed, with costs.